UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ZION and GAIL ZION,

    Plaintiffs,

v.

WASHINGTON MUTUAL BANK and
WELLS FARGO BANK,

    Defendants.
_____/

Case No. 09-13967

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 16, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

In this action, David and Gail Zion ("Plaintiffs") make various allegations of wrongdoing in association with their procurement of a mortgage on their home. Presently before the Court is a Motion to Dismiss and/or for Summary Judgment filed by JPMorgan Chase Bank[1] and Wells Fargo Bank (collectively "Defendants") on February 26, 2010. Plaintiffs failed to respond to the motion and the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f) on June 8, 2010. For the reasons

---

[1] Although Plaintiffs sued Washington Mutual Bank ("WaMu"), JPMorgan Chase Bank ("Chase") is the real party in interest. Chase purchased some of WaMu's assets from the Federal Deposit Insurance Corporation, acting as receiver for WaMu since September 25, 2008.

set forth below, the Court grants Defendants' motion.

## I. Factual and Procedural Background

Plaintiffs purchased a home in Dearborn Heights, Michigan, in 2000 for about $214,000. On June 9, 2004, Plaintiffs obtained a mortgage loan from Washington Mutual Bank ("WaMu") in the amount of $262,000 to refinance an existing mortgage on the home and to receive a cash payout. In connection with this transaction, Plaintiffs allege that WaMu overstated their income and made incomplete and inaccurate disclosures. Wells Fargo later obtained WaMu's interest in the mortgage and accompanying note by assignment.

In September 2009, Plaintiffs filed this lawsuit in Wayne County Circuit court. The complaint asserts two claims: (I) quiet title and (II) violation of 15 U.S.C. § 1639—the provision codifying the Home Ownership and Equity Protection Act ("HOEPA") as an amendment to the Truth in Lending Act ("TILA"). On October 7, 2009, Defendants removed the lawsuit to this Court on the basis of federal question jurisdiction. Defendants now seek dismissal or summary judgment on grounds that they are not proper defendants for purposes of money damages claims, that Plaintiffs fail to state a claim to quiet title or to rescind the mortgage, that Plaintiffs' statutory claims are inapplicable and time-barred, and that Plaintiffs come to the Court with unclean hands.

## II. Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To

survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to unsupported legal conclusions. *Iqbal*, 129 S. Ct. at 1950. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 504, 514 (6th Cir. 1999).

Meanwhile, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

## III. Count I: Quiet Title

Although Plaintiffs title their first claim "Quiet Title,"[2] they actually appear to seek rescission of the June 9, 2004, mortgage. In connection with this claim, Plaintiffs cite 15

---

[2]Insofar as Plaintiffs actually seek to quiet title, the Court notes that Plaintiffs' home was sold at a sheriff's sale on September 9, 2009, as part of the foreclosure process. Michigan law requires "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-06, 273 N.W.747, 748 (1937)). Plaintiffs, however, have not alleged any irregularity in the foreclosure proceedings.

U.S.C. § 1641, a provision of the TILA, and allege that WaMu overstated their income on the mortgage loan application and provided incomplete and inaccurate disclosures while Wells Fargo refused their request to refinance or repurchase the property at current market value after they became aware of the terms of the mortgage loan. (Compl. ¶¶ 12, 15-16.) As a consequence, Plaintiffs allege that the mortgage was improperly advanced and "should be tolled or held as naught." (*Id.* ¶ 17.)

In some circumstances, the TILA does allow for rescission of mortgages. *See* 15 U.S.C. § 1635. This remedy, however, must be exercised within three years of the date of the consummation of the transaction. *Id.* § 1635(f). In this case, the three-year period for Plaintiffs to seek rescission expired June 9, 2007, but Plaintiffs did not file this lawsuit until September 2009. Therefore, claim I fails to state a claim upon which relief may be granted and must be dismissed.

**IV. Count II: HOEPA (15 U.S.C. § 1639)**

In their second claim, Plaintiffs allege that Defendants violated the HOEPA[3] by overstating their income in the mortgage application, failing to disclose all terms and conditions of the mortgage, failing to provide notice of their right to cancel, and failing to provide a Truth in Lending Statement to them both. (Compl. ¶¶ 19-22.) Claims for monetary damages brought under the TILA and its amendment, the HOEPA, are, however, subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Because Plaintiffs' allegations derive from the origination of the mortgage, the alleged violations occurred on June 9, 2004, and

---

[3]Although Plaintiffs limit the title of claim II to the statutory provision codifying the HOEPA, the allegations contained in claim II also reference provisions of the TILA.

the statute of limitations expired before the filing of this lawsuit.[4] Therefore, Defendants are entitled to dismissal of claim II.[5]

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss and/or for Summary Judgment is **GRANTED**.

A judgment consistent with this order shall enter.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Emmett D. Greenwood, Esq.
Brandon M. Blazo, Esq.
Joseph H. Hickey, Esq.
Michael J. Blalock, Esq.
Charity A. Olson, Esq.
Patrick C. Lannen, Esq.

---

[4]To the extent Plaintiffs seek rescission of the mortgage on these grounds, their claim is dismissed for the reasons set forth in section III.

[5]Because Plaintiffs' claims are clearly subject to dismissal on grounds that they are time-barred, the Court need not address Defendants' other arguments for dismissal.